IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SHARON L. WILLIS                                                     PLAINTIFF

VS.                                           CIVIL ACTION NO. 3:18-cv-404-CWR-LRA

JACKSON PUBLIC SCHOOL DISTRICT,
JACKSON FEDERATION OF TEACHERS
AND PSRPS, SHIRLEY WALTON, LaCHARLES
BRISTER, DERICK WILLIAMS, and JOHN DOES 1–20          DEFENDANTS

## COMPLAINT
### (Jury Trial Demanded)

COMES NOW, the Plaintiff, Sharon L. Willis, by and through counsel, and files this her

Complaint against the Defendants and in support thereof would show as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28

U.S.C. § 1343.

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

3.      A Notice of Claim pursuant to Miss. Code Ann. § 11-46-11 regarding the state

law claims that are subject to the notice requirements of the Mississippi Tort Claims Act has

been properly served, and the Plaintiff will seek leave of the Court to amend this Complaint to

include said state law claims upon the expiration of the required statutory time or denial of the

claim.

## PARTIES

4.      Jackson Public School District is a political subdivision of the state of Mississippi

and may be served with process by serving Dr. Freddrick Murray, Interim Superintendent, at 662

South President Street, Jackson, MS 39201.

5.      Jackson Federation of Teachers and PSRPS is a labor union and a corporation incorporated under the laws of the state of Mississippi and may be served with process by serving its agent for service of process, Akemi L. Stout, 1640 Lelia Drive, Suite 120, Jackson, Mississippi 39216.

6.      Shirley Walton is an adult resident citizen of the state of Mississippi who may be served with process at her place of employment, Jackson Public School District, 101 Near Street, Jackson, Mississippi 39203.

7.      Derick Williams is an adult resident citizen of the state of Mississippi who may be served with process at his place of employment, Jackson Public School District, 101 Near Street, Jackson, Mississippi 39203.

8.      LaCharles Brister is an adult resident citizen of the state of Mississippi who may be served with process at his place of employment, Jackson Public School District, 101 Near Street, Jackson, Mississippi 39203.

9.      Defendants John Does 1 - 20 are corporations, individuals, partnerships, associations or other entities whose identities are unknown to the Plaintiff at the present time, but who are responsible for acts and/or omissions that caused and/or contributed to Plaintiff's injuries.  Plaintiff should be allowed to amend this Complaint to include the correct identity of such corporations, individuals, partnerships, associations or other entities as Defendants herein at such times as the same may be ascertained by Plaintiff and she hereby respectfully requests leave of the Court to do so.

## **FACTS**

10.     The allegations of the preceding paragraphs are incorporated herein by reference as if set forth in full herein.

11.     Plaintiff was employed with Defendant Jackson Public School District as a bus driver in "Transportation North." She carried out her job faithfully, loyally, and to the full extent of her ability. Plaintiff was at all times, and still is, competent to perform the duties of her job.

12.     During the time that the Plaintiff was employed by Defendant Jackson Public School District, Defendant Shirley Walton was the Plaintiff's co-worker. On numerous occasions, Defendant Walton verbally and physically harassed and threatened the Plaintiff. Defendant Shirley Walton's conduct eventually escalated to the point to where she tried to hit the Plaintiff with a school bus.

13.     The Plaintiff informally complained to her supervisor about Defendant Shirley Walton's improper actions, but nothing was done. The Plaintiff then filed a formal complaint with Defendant Jackson Public School District in October of 2016 by filling out and submitting an Employee Bullying or Harassment Behavior Complaint Form under the GAEE Procedures established by Defendant Jackson Public School District. Instead of investigating and reducing its findings to writing as required by the procedures it established, Defendant Jackson Public School District disciplined the Plaintiff in retaliation for filing the complaint. Specifically, the Plaintiff was issued a disciplinary warning by her supervisor, LaCharles Brister on November 8, 2016.

14.     Plaintiff was initially represented regarding her October 2016 claim by Defendant Jackson Federation of Teachers and PSRPS, but it arbitrarily, discriminatorily, and in bad faith, failed to follow through with its representation of the Plaintiff regarding her claim.

15.     On July 12, 2017, the Plaintiff had a meeting with Defendant Derek Williams. In that meeting, the Plaintiff asked Defendant Derick Williams why she had not been considered to be hired for a Bus Driver/Mechanic's Helper position that had become available with Defendant

3

Jackson Public School District since she was, in essence, performing the duties of that job already. During the course of the meeting, the Plaintiff alleged that she had not been considered for the position because she was not one of the people liked by Defendant Derick Williams. The Plaintiff also confronted Defendant Derick Williams about some unpleasant things he had said about her that were not true.

16.     On or about July 14, 2017, a Memorandum of Understanding was placed in the Plaintiff's employment file. The Memorandum of Understanding stated that the Plaintiff would be transferred to "Transportation South" effective July 27, 2017, and remain there as long as she was employed as a bus driver for Defendant Jackson Public School District. The Memorandum of Understanding falsely stated that the Plaintiff refused to sign it when in reality she was never given the opportunity to sign it because she stated that she wanted legal counsel.

17.     On or about July 19, 2017, the Plaintiff was hand-delivered a letter from Defendant Jackson Public School District which provided the Plaintiff would be transferred to "Transportation South" effective July 27, 2017.

18.     As a result of the Defendants' actions, the Plaintiff was constructively discharged from her employment with Defendant Jackson Public School District on July 26, 2017.

19.     Plaintiff subsequently applied for employment with Defendant Jackson Public School District in May of 2018 for an administrative assistant position in the Transportation Department.

20.     The Plaintiff was originally scheduled to be interviewed on May 18, 2018, for the position by the Defendant Jackson Public School District.   However, on May 17, 2018, the Plaintiff was informed that she would not be interviewed or considered for the position based on the instructions of Defendant Derek Williams.

## COUNT I

## VIOLATION OF FIRST AMENDMENT RIGHTS

21.     The allegations of the preceding paragraphs are incorporated herein by reference as if set forth in full herein.

22.     42 U.S.C. § 1983 provides a cause of action to individuals who have been deprived of any rights, privileges, or immunities secured by the Constitution of the United States of America.

23.     At all times alleged herein, Plaintiff enjoyed a right to free speech as protected by the First Amendment of the Constitution of the United States of America.

24.     Defendants Jackson Public School District, LaCharles Brister, Shirley Walton, and Derick Williams, while acting under the color of law, violated the Plaintiff's First Amendment right to free speech by retaliating against her for filling out and submitting an Employee Bullying or Harassment Behavior Complaint Form under the GAEE Procedures established by Defendant Jackson Public School District, and further retaliating against the Plaintiff for stating that she wanted legal counsel during her meeting with Defendant Derick Williams on July 12, 2017.

25.     As a direct and proximate result of the acts and/or omissions of the Defendants, the Plaintiff has suffered damages in amount to be shown at the trial of this matter.

26.     The intentional, willful, and wanton acts of Defendants establish a claim for punitive damages against them by the Plaintiff.

## COUNT II

### VIOLATION OF FOURTEENTH AMENDMENT RIGHTS—DUE PROCESS

27.     The allegations of the preceding paragraphs are incorporated herein by reference as if set forth in full herein.

28.     The Plaintiff had a right to notice, and a hearing before adverse employment action could be taken against her.

29.     The Plaintiff was denied her right to notice and a hearing before she was transferred to "Transportation South."

30.     Further, the Plaintiff had a right to legal counsel when she requested it.

31.     The Plaintiff was retaliated against by Jackson Public School District, LaCharles Brister, Shirley Walton, and Derick Williams for invoking her right to counsel.

32.     As a direct and proximate result of the acts and omissions of the Defendants, the Plaintiff has suffered damages in an amount to be shown at the trial of this matter.

33.     The intentional, willful, and wanton acts of Defendants establish a claim for punitive damages against them by the Plaintiff.

## COUNT III

### TORTIOUS INTERFERENCE WITH EMPLOYMENT CONTRACT

34.     The allegations of the preceding paragraphs are incorporated herein by reference as if set forth in full herein.

35.     The actions and omissions of Defendants Shirley Walton, Derick Williams, and LaCharles Brister were intentional and willful, calculated to cause damage to the Plaintiff in her lawful business, were done with the unlawful purpose of causing damage and loss without right

6

or justifiable cause, and thus constitute a tortious interference with the Plaintiff's contract of employment with Defendant Jackson Public School District.

36.     As a direct and proximate result of the acts and omissions of Defendants Shirley Walton, Derick Williams, and LaCharles Brister, the Plaintiff has suffered actual damages in an amount to be shown at the trial of this matter.

37.     The intentional, willful, and wanton acts of Defendants Shirley Walton, Derick Williams, and LaCharles Brister establish a claim for punitive damages against them by the Plaintiff.

**COUNT IV**

**NEGLIGENCE**

38.     The allegations of the preceding paragraphs are incorporated herein by reference as if set forth in full herein.

39.     Defendant Jackson Federation of Teachers and PSRPS owed a duty to the Plaintiff to properly represent her regarding her employment with Defendant Jackson Public School District.

40.     Defendant Jackson Federation of Teachers and PSRPS breached the duty it owed to the Plaintiff, and by so doing, negligently caused injury to the Plaintiff.

41.     As a direct and proximate result of the negligence of Defendant Jackson Federation of Teachers and PSRPS, the Plaintiff has suffered damages in an amount to be shown at the trial of this matter.

42.     The acts and/or omissions of Defendant Jackson Federation of Teachers and PSRPS amount to gross negligence, and therefore entitle the Plaintiff to punitive damages as well as actual damages.

**WHEREFORE PREMISES CONSIDERED**, the Plaintiff requests that the Court grant the following relief:

a.   Enter a declaratory judgment declaring that Defendants have engaged in unlawful retaliation and other practices, and enjoining Defendants from engaging in such unlawful practices in the future;

b.   Reinstate Plaintiff Sharon L. Willis to her prior position of Bus Driver for Transportation North with Defendant Jackson Public School District;

c.   Alternatively, award front pay in lieu of reinstatement;

d.   Award Plaintiff Sharon L. Willis back pay, economic damages for her lost pay, and fringe benefits, together with compensatory, liquidated and punitive damages in the amount to be determined by a jury of her peers;

e.   Award Plaintiff Sharon L. Willis pre-judgment and post-judgment interest, attorney's fees, costs and expenses of litigation; and,

f.   Award such other relief to which Plaintiff may be entitled under law.

A trial by jury is hereby demanded.

RESPECTFULLY SUBMITTED,

SHARON L. WILLIS, PLAINTIFF

By: _____
Glenn Swartzfager, (MSB# 9535)
Attorney for the Plaintiff

Of Counsel:

Brent Hazzard, (MSB# 99721)
Glenn Swartzfager, (MSB# 9535)
HAZZARD LAW, LLC
447 Northpark Drive
Ridgeland, Mississippi 39157
Telephone: (601) 977-5253
Facsimile:  (601) 977-5236