IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**SHARON L. WILLIS**                                                                      **PLAINTIFF**

**V.**                                               **CAUSE NO. 3:18-CV-404-CWR-LRA**

**JACKSON PUBLIC SCHOOL DISTRICT; SHIRLEY WALTON; LACHARLES BRISTER; DERICK WILLIAMS; JOHN DOES 1-20**     **DEFENDANTS**

**ORDER**

Before the Court is the defendants' motion to stay. They contend that discovery should be put on hold because the three individual defendants—*i.e.*, all of the defendants except the Jackson Public School District—have moved to dismiss on the basis of qualified immunity.

Had the individual defendants filed their motion to dismiss upon receiving the complaint or the amended complaint, it would be a simple matter: the stay would be granted in accordance with the well-established law governing qualified immunity defenses. *See, e.g.*, *Mayfield v. Butler Snow LLP*, No. 3:17-CV-514-CWR-FKB, 2017 WL 5616017, at *2 (S.D. Miss. Nov. 21, 2017) (collecting authorities).

Instead, however, the individual defendants slept on their rights. They sought dismissal on the basis of qualified immunity seven months after receiving the original complaint, five months after the Case Management Order was entered, three months after they received the amended complaint, and 25 days before the discovery deadline. The record contains no explanation for their delay. Discovery had already been propounded to them and, apparently, depositions had been scheduled. *See* Docket No. 63. The individual defendants refused to participate in either.

Local Rule 16(b)(3)(A) provides the following:

> A motion to compel arbitration, or a motion asserting an immunity defense or a jurisdictional defense must be raised by a separate motion as expeditiously as practicable after service of process. A motion asserting lack of jurisdiction must be filed at least seven days before the Case Management Conference or the movant will be deemed to have waived the stay provision of subsection (B).

Under this rule, the present motion to stay is due to be denied; the movants waived their rights by failing to act promptly.

There are, however, inconsistencies between the Local Rule and Fifth Circuit precedent governing immunity-related stays. *See Mayfield*, 2017 WL 5616017, at *2 n.1. The local waiver provision may be one of these inconsistencies.

Faced with an apparent conflict between Fifth Circuit law and the Local Rules, the better course of action is (of course) to apply Fifth Circuit law and preserve the individual defendants' immunity defenses over any possible waiver. *See Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). No discovery may be taken from the individual movants until their motion to dismiss is resolved.

That said, the individuals' defense attorneys—who are attorneys with the Jackson Public School District, not separately retained counsel—have unfairly sandbagged their opponent by delaying the motion to dismiss for so many months. Counsel for the District shall reimburse plaintiff's counsel for any reasonable expenses incurred for the missed depositions.

A final issue remains. Although the individual defendants are entitled to pause discovery until their immunity motion is resolved, the District has not filed a motion to dismiss and, even if it had, is not entitled to a stay as a matter of right. *See Mayfield*, 2017 WL 5616017, at *3 (citing Fifth Circuit decision holding that "[t]he protection of government officials who are entitled to immunity does not *ipso facto* disable a plaintiff from conducting all discovery against all non-immune defendants in his case."); *see also Jones v. Miss. Sec'y of State*, No. 3:18-CV-281-CWR-

FKB, Docket No. 21 at *1 (S.D. Miss. Apr. 5, 2019). Accordingly, discovery from the District may immediately resume.

The motion to stay is granted as to the individual defendants and denied as to the District. The various motions for extensions of time in the briefing [Docket Nos. 62 and 64] are granted. The motions for a new scheduling order [Docket Nos. 61 and 68] are granted with dates reserved to the discretion of the Magistrate Judge. Within 10 days, counsel for the plaintiff and the District shall contact the chambers of the Magistrate Judge for a new scheduling Order.

**SO ORDERED**, this the 26th day of June, 2019.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE