# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**SHARON L. WILLIS**                                                                 **PLAINTIFF**

**V.**                                                        **CAUSE NO. 3:18-CV-404-CWR-LRA**

**JACKSON PUBLIC SCHOOL**                                    **DEFENDANTS**
**DISTRICT; SHIRLEY WALTON;**
**LACHARLES BRISTER; DERICK**
**WILLIAMS; JOHN DOES 1-20**

## ORDER

Before the Court is the individual defendants' motion to dismiss. Docket No. 51. The matter is fully briefed and ready for adjudication. The legal standard for motions to dismiss is familiar and need not be recited here.

Sharon L. Willis was a bus driver with the Jackson Public School District (JPS). She worked in the "Transportation North" unit.

Willis alleges that she was repeatedly physically and verbally harassed by her coworker Shirley Walton, who eventually tried to run Willis over with a school bus. When Willis filed a formal complaint about this in October 2016, her supervisor LaCharles Brister retaliated against *Willis* by issuing a disciplinary warning.

On July 12, 2017, Willis asked a different JPS supervisor, Derick Williams, why she had not been considered for a "Bus Driver/Mechanic's Helper" position—a position she believed she was already performing. According to her complaint, she told Williams in that meeting that "she was not one of the people liked by" him and confronted him "about some unpleasant things he had said about her that were not true." But this only led to more retaliation.

Two days later, yet another supervisor placed a Memorandum of Understanding (MOU) in Willis' employment file. It transferred her to the "Transportation South" unit effective July 27,

2017. Willis declined to sign the MOU because she wished to consult legal counsel. On July 26, 2017, Willis quit. She contends that she was constructively terminated.

In May 2018, Willis was scheduled to interview for an administrative assistant position with JPS. The day before the interview, however, she was informed that she would not be considered "based on the instructions" of Williams.

This suit followed. Willis has asserted federal and state claims against JPS, Walton, Brister, and Williams. Her first federal cause of action claims that the defendants unlawfully retaliated against her in violation of the First Amendment. Her second federal cause of action claims that the defendants violated her due process rights under the Fourteenth Amendment. After some discovery, the individual defendants filed the present motion.

Taking Willis' factual allegations as true, as any court must at this early stage, this Court concludes that she has not stated a claim under either amendment.

The First Amendment retaliation claim fails because Willis was not speaking on a matter of public concern. *See Sanders v. Leake Cty. Sch. Dist.*, 546 F. Supp. 2d 351, 356 (S.D. Miss. 2008). As this Court has explained before, "when a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest, absent the most unusual circumstances, a federal court is not the appropriate forum in which [to] review the wisdom of a personnel decision." *Patton v. Hinds Cty. Juv. Det. Ctr.*, No. 3:10-CV-138-CWR-LRA, 2011 WL 2912897, at *10 (S.D. Miss. July 18, 2011) (quoting *Connick v. Myers*, 461 U.S. 138, 147 (1983)). Here, Willis communicated about Walton's harassment and Williams' dislike, then requested an attorney to review the MOU. These addressed "personal matters such as personnel and employment disputes," which fall "outside the protection of the First Amendment." *Salge v. Edna Indep. Sch. Dist.*, 411 F.3d 178, 186 (5th Cir. 2005) (citation

omitted). Willis says the public is concerned with bullying of students in schools, but the Court can discern no public interest in Willis' complaints *here*, which arguably involve the bullying of one adult by another.

The Fourteenth Amendment due process claim, meanwhile, cannot proceed because Willis did not have a property interest in her employment. Mississippi's education laws provide that "[b]efore being so dismissed or suspended any licensed employee shall be notified of the charges against him and he shall be advised that he is entitled to a public hearing upon said charges." Miss. Code Ann. § 37-9-59. Those laws, however, define "licensed employee" as those employees "required to hold a valid license by the Commission on Teacher and Administrator Education, Certification and Licensure and Development." *Id.* § 37-9-1(1). Willis' job as a bus driver did not require her to have such a license. As a result, state law did not provide her a property interest in her continued employment.

Willis asserts that Mississippi's laws concerning bullying and harassment in schools create a property interest. But those laws do not amend § 37-9-59, and Willis has pointed to no case holding or suggesting any implicit expansion of a property interest to persons like herself.

For these reasons, the motion is granted.

The Court has stopped short of adjudicating the movants' arguments under state law, pursuant to the general rule that when all of a plaintiff's federal causes of action are resolved, courts should decline supplemental jurisdiction over the remaining claims. *See Enochs v. Lampasas Cty.*, 641 F.3d 155, 161 (5th Cir. 2011). The problem here is that JPS has not moved to dismiss the federal claims against it. The present motion was filed only by the individual defendants.

3

The Court believes that the above analysis fully applies to JPS and requires the dismissal of all federal causes of action in this suit. Out of an abundance of caution, however, it will await further motion practice before taking that next step.

Within 14 days, JPS may file a motion to dismiss the plaintiff's federal claims. Response and reply briefs should follow on the ordinary schedule unless the plaintiff confesses the motion.

**SO ORDERED**, this the 25th day of September, 2019.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE